Haney, &c. vs. Tempest, &c.

---

CASE 25—PETITION ORDINARY—JUNE 28.

# Haney, &c., vs. Tempest, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

A party is not confined, in the introduction of his evidence upon the trial, to such writings as he has relied on in his pleading, but may offer any other instrument of writing which is relevant, and use it as evidence, having first proved its execution.

Deeds and other writings that are relied upon in the pleadings, (formerly termed exhibits,) must be filed with the pleadings, or the reason assigned for the failure to file them.

If such instruments are not relied on in the pleadings a party cannot be required to file them.   And if they are relied upon in the pleadings, and filed therewith, they are not part of the record, or regarded as evidence unless they are used as such.

If the action, counter-claim, or set-off is founded on a note, bond, bill, or other writing, as evidence of indebtedness, it must be filed *as a part of the pleading* if in the power of the party to produce it.   When filed it becomes a part of the record.

If a party relies upon a writing in his pleading and files it with the same, and it purports to be executed by the opposite party, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun.

Suit upon a note, the petition alleging that it was payable to the plaintiff. The note filed with the petition was not payable to the plaintiff, but to another. *Held*— in the absence of an allegation of right in the plaintiff, by assignment or otherwise— that the petition is defective.

Geo. H. Yeaman, for appellant, cited 18 *B. Mon.*, 824 ; *Civil Code, secs*, 155, 145, 588.

CHIEF JUSTICE SIMPSON delivered the opinion of the court:

This action was brought upon a promissory note for one hundred and fifty dollars. The defendant admitted the execution of the note but alleged that the consideration upon which it was given had entirely failed.

Upon the trial, the defendant offered to read as evidence, for the purpose of proving the consideration of the note sued on, a deed which was executed to him by the payee of the note— both the writings having been executed on the same day. The court decided that the deed could not be used as evidence, and to that decision of the court the defendant excepted.

The deed seems to have been rejected by the court because the defendant had not filed it with his answer. This reason did not justify its exclusion, unless the parties are required, by the provisions of the Civil Code, to file with their pleadings every instrument of writing which they intend to use as evidence upon the trial.

*Section* 155 is relied upon as containing such a requisition. That section reads as follows: "If either party shall rely upon any deed or other writing, he shall file with his pleading the original deed or writing if in his power. If he cannot produce such deed or writing, he shall so state in his pleading; together with the reasons therefor; and if such reasons are sufficient, he may file the best evidence of the contents of such deed or writing in his power, &c."

This section is contained in the chapter which prescribes the general rules of pleading, and obviously relates to the pleadings in the action, and not to the evidence upon the trial.

Haney, &c. vs. Tempest, &c.

The deeds or other writings which it refers to, are those that are relied upon in the pleadings. They must be filed with the pleadings, or some reason be assigned for the failure to file them. They are such writings as were under the previous practice denominated exhibits. If they are not relied upon in the pleadings a party cannot be required to file them, as was decided by this court in the case of *Ruggles vs. Moore*, (18 *B. Mon.*, 824.) And if they are relied upon in the pleadings, and filed therewith, they are not part of the record, or regarded as evidence unless they are used as such. (*Vaughn vs. Mills*, 18 *B. Mon.*, 633.)

If the action, counter-claim, or set-off is founded on a note, bond, bill, or other writing, as evidence of indebtedness, it must be filed *as a part of the pleading*, if in the power of the party to produce it. (*Sec.* 145.) And such a writing, when filed, becomes a part of the record, and in this respect differs from the writings referred to in *section* 155.

If a party relies upon a writing in his pleading, and files it with the same, and it purports to have been executed by the opposite party, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun. (*Sec.* 588.)

This is the only benefit the party derives from relying upon a deed or other instrument of writing in his pleading, and filing it with the same. He can, however, without relying upon it in his pleading, produce and rely upon it as evidence on the trial, by making due proof of its execution. He is not confined, in the introduction of his evidence upon the trial, to such writings as he has relied on in his pleading, but may offer any other instrument of writing which is relevant, and use it as evidence, having first proved its execution.

The defendant proved the execution of the deed which he offered to read as evidence, and as it conduced to prove that the note sued on had been given for the consideration alleged by the defendant in his answer, and was therefore relevant and proper, the court erred in rejecting it.

The judgment of the court below is also erroneous upon another ground. The plaintiffs alleged in their petition, that

the defendants, by their note, agreed to pay them $150. The note which they filed with their petition as part thereof, was not made payable to them, but to H. G. Dayton. They did not allege in their petition that the note had been assigned to them by Dayton, or that they had any right thereto whatever, by contract or otherwise. Their petition is therefore defective in failing to show that they had any right to the note which was the foundation of the action. (*Dodd vs. King*, 1 *Metcalfe*, 431.)

Wherefore, the judgment is reversed, and cause remanded with directions to permit the plaintiffs to amend their petition, and for further proceedings not inconsistent with this opinion.